UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON ROBERT NIEMINSKI,

                Petitioner,

v.                                            Case No. 25-cv-0216-bhl

BRIAN CAHAK,

                Respondent.

## SCREENING ORDER

      On February 12, 2025, Petitioner Jason Robert Nieminski, a state prisoner currently incarcerated at Oshkosh Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The same day, he filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court reviewed Nieminski's trust fund account statement and, on February 27, 2025, denied his motion for IFP. (ECF No. 6.) Nieminski paid the $5.00 fee on March 14, 2025, and his petition will now be screened.

## SCREENING THE PETITION

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to screen Nieminski's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court and that the petition is not an improper successive petition.

## PETITIONER'S ALLEGATIONS

Nieminski was sentenced on December 30, 2019, after pleading no contest to several sex crimes involving a minor. (ECF No. 1 at 2.) In his petition, Nieminski maintains that he was denied his right to effective assistance of counsel because he was not represented in his appeal. (*Id.* at 6–14.) Nieminski's trial counsel assisted with filing the notice of intent to pursue post-conviction relief but did not continue his representation after filing the notice. (*Id.* at 7, 10.) Nieminski insists that the Constitution required his trial counsel to continue representation unless or until he was appointed appellate counsel. (*Id.* at 10–11.) He requested appellate representation from the Wisconsin State Public Defender's Office, but his request was denied; Nieminski contends this also violated his constitutional right to assistance of counsel. (*Id.* at 12–13.)

Nieminski previously filed a habeas petition in January 2022 based on these same allegations. (*Id.* at 15–16.) On November 28, 2022, Magistrate Judge Stephen C. Dries dismissed Nieminski's first habeas petition as untimely and denied Nieminski a certificate of appealability. *See Nieminski v. Eplett*, 22-cv-0012, ECF No. 19 (E.D. Wis. Nov. 28, 2022).

## ANALYSIS

If a petitioner has previously brought a habeas corpus application, his successive petition will generally be dismissed. *See* 28 U.S.C. § 2244(a). "[I]n order for a habeas petition to be considered successive, the previous motion must have been denied on the merits," and "the district court must have engaged in substantive review." *Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999) (citations omitted). A denial on the merits includes a ruling that the first petition was untimely. *See Barnes v. Briley*, 43 Fed. App'x 969, 973 (7th Cir. 2002). If the petition is successive, and presents a claim argued in a prior application, it is automatically dismissed. § 2244(b)(1); *Felder v. McVicar,* 113 F.3d 696, 698 (7th Cir. 1997) ("A claim that has been presented in the first petition cannot be presented in a second."). If the petitioner is presenting a new claim in their successive petition, it is generally dismissed unless the new claim meets certain requirements. § 2244(b)(2)–(4).

Nieminski's petition is successive. He previously filed a petition for writ of habeas corpus in January 2022, and that petition was substantively reviewed by this Court and denied on the merits as untimely. His current petition sets forth the same claims as his first. Nieminski's petition is, therefore, subject to automatic dismissal. *See* 28 U.S.C. § 2244(b)(1). Accordingly, the Court will dismiss the petition with prejudice as an unauthorized second petition.

## CONCLUSION

**IT IS HEREBY ORDERED** that Jason Robert Nieminski's petition pursuant to 28 U.S.C. § 2254, ECF No. 1, is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 1, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge