UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON ROBERT NIEMINSKI,

               Petitioner,

    v.                                          Case No. 25-cv-0216-bhl

BRIAN CAHAK,

               Respondent.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

On February 12, 2025, Petitioner Jason Robert Nieminski, a state prisoner currently incarcerated at Oshkosh Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On April 1, 2025, the Court screened Nieminski's petition, dismissed it as an improper successive petition, and denied a certificate of appealability. (ECF No. 7.) The Clerk entered judgment the same day. (ECF No. 8.) On April 28, 2025, Nieminski filed a "Motion and Brief for Reconsideration for Certificate of Appealability." (ECF No. 9.) In it, he explains why he believes his petition was timely filed. (*Id.*) The Court will deny his motion.

A "motion for reconsideration" technically does not exist under the Federal Rules of Civil Procedure. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). Therefore, a motion to reconsider that seeks to challenge the merits of a ruling by a district court will be considered as having been filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment and "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). By contrast, Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (citation omitted). In this case, Nieminski filed his motion to reconsider within the 28-day limit set forth in Rule 59(e), and the Court will, therefore, consider his request under that rule.

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Nieminski's motion focuses on the timeliness of his petition, but that is not the reason the Court dismissed his petition. As the Court's order explains, Nieminski's petition was dismissed because he previously filed a petition for writ of habeas corpus alleging the same claims and his first petition was denied as untimely. (ECF No. 7); *see also Nieminski v. Eplett*, 22-cv-0012, ECF No. 19 (E.D. Wis. Nov. 28, 2022). Because he filed a successive petition asserting the same substantive claims, the Court was required to dismiss his second petition under 28 U.S.C. § 2244(b)(1). (ECF No. 7 at 2.) Nieminski does not dispute these facts or offer any reason that the law prohibiting successive petitions setting forth the same claims does not apply here. (*See* ECF No. 9.) Nieminski has not shown that the Court committed a manifest error of law or fact, and his motion will, therefore, be denied. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration, ECF No. 9, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 29, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge